# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> ANTHONY BARTLESON, <br><br> Defendant. | No. C 14-3022-MWB <br><br> **ORDER REGARDING DEPARTMENT OF LABOR (DOL) REPORT** |

On October 22, 2014, Anthony Bartleson's (Bartleson) Presentence Investigation Report (PSIR) was amended to include a seventy-two page Department of Labor Report (DOL Report) (docket no. 29-1).[1] Bartleson filed two briefs with objections. One brief includes objections to factual assertions in the original PSIR (docket no. 17). The other brief incorporates Bartleson's previously filed objections and provides objections to the DOL Report, which is attached to the revised PSIR (docket no. 30). The government has not filed any objections regarding the original or revised PSIR. This order serves to provide notice to the parties that I have tentatively decided to admit and consider the DOL Report at Bartleson's sentencing hearing, subject to any objections, rebuttals to the reliability of the report, or explanations as to the report's factual assertions.

"The standard of admissibility for evidence at sentencing is different than at trial. A preponderance-of-the-evidence standard applies at sentencing." *United States v.*

---

[1] The DOL Report is dated February 22, 2011, and the report appears to have formed the basis for the lawsuit for the United States Attorney's Office (USAO) for the Northern District of Iowa against Bartleson. The description of Bartleson's criminal conduct in his PSIR also seems to be based in large part on the DOL Report.

*Monroy-Reynoso*, No. CR 12–1609, 2012 WL 6632594, *5 (D. N.M. Dec. 13, 2012) (citing *United States v. Manatau*, 647 F.3d 1048, 1054 n. 2 (10th Cir.2011); *United States v. Gomez–Arrellano*, 5 F.3d 464, 466 (10th Cir.1993)). Courts have been clear that the "appropriate standard" for admitting evidence at a sentencing is "substantially lower than that governing admissibility at trial." *United States v. McCaskey*, 9 F.3d 368, 380 (5th Cir. 1993). "Specifically, '[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, *provided that the information has sufficient indicia of reliability to support its probable accuracy*.'" *Id.* (citing to U.S.S.G. § 6A1.3(a)) (emphasis added); *see also United States v. Postel*, 524 F.Supp.2d 1120, 1126 n.4 (N.D. Iowa 2006) ("Hearsay evidence remains admissible in sentencing as long as it bears some indicia of reliability.") (citing *United States v. Morin*, 437 F.3d 777, 781 (8th Cir. 2006)). Evidence that has "sufficient indicia of reliability," pursuant to U.S.S.G. § 6A1.3, is "'reasonably trustworthy' in light of 'the totality of the circumstances.'" *See United States v. Romano*, 89 Fed. Appx. 335, 336 (3d Cir. 2004) (unpublished) (citing to *United States v. Paulino*, 996 F.2d 1541, 1548 (3d Cir. 1993); *see also United States v. Erger*, 19 F.3d 24, *2 (8th Cir. 1994) (unpublished per curiam) ("Evidence is reasonably trustworthy if it has a 'sufficient indicia of reliability.'") (citation omitted).

Courts have held that information found in investigatory reports meets the test of having "sufficient indicia of reliability" at sentencings.[2] Although the Federal Rules of

---

[2] *See, e.g.*, *United States v. Booher*, 242 Fed. Appx. 952, 954 (4th Cir. 2007) (unpublished per curiam) (finding police reports, on which district court relied to determine firearm was stolen at sentencing, contained "sufficient indicia of reliability to support its probable accuracy"); *see also United States v. Leekins*, 493 F.3d 143, 151

Evidence do not apply at sentencing hearings, FED. R. EVID. 1101(d)(3), it is worth noting that courts have also found Department of Labor reports admissible at trial based on their "trustworthiness" under FRE 803(8).[3] I refer to such case law to identify the analytical factors considered by courts when examining whether a DOL Report is

---

(3d Cir. 2007) (finding sentencing court did not err by admitting and considering unsworn statements in police reports at the sentencing hearing where PSIR was based in part on the reports and the reports provided "sufficient indicia of reliability" of the officers' version of the shooting); *Romano*, 89 Fed. Appx. at 337 (finding government's evidence relied upon by district court as to the victims' monetary losses reported in a revised PSIR, which were higher than the losses in the defendant's original PSIR and as stipulated to by the parties in the plea agreement, had "sufficient indicia of reliability" as required by U.S.S.G. § 6A1.3(a)); *United States v. Mathews*, 19 F.3d 1438, *1 (8th Cir. 1994) (unpublished per curiam) (affirming district court's decision to admit government laboratory reports at a sentencing hearing where district court examined and determined that "[the reports] had sufficient indicia of reliability to be admitted for sentencing purposes"); *United States v. Marshall*, 894 F.2d 403, *3 (4th Cir. 1990) (finding government's unverified police report that explained the basis of the defendant's conviction "reliable for sentencing purposes," and although defendant argued that the report was insufficiently reliable, defendant presented no evidence to rebut the report); *United States v. Adamson*, 26 F.3d 1186, *1 (D.C. Cir. 1994) (unpublished per curiam) (finding Drug Enforcement Agency report, which contained information regarding weight of drugs, was recited in PSIR, and relied upon by district court, had "sufficient indicia of reliability" to satisfy U.S.S.G. § 6A1.3).

[3] *See, e.g.*, *Ruiz v. Fernandez*, 949 F.Supp.2d 1055, 1063 (E.D. Wash. 2013) (DOL report was determined to be "trustworthy" and fell "within the hearsay exception set forth in [FRE 803(8)]" based on the court's analysis of four factors: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation."); *see also Hotel Employees-Hotel Ass'n Pension Fund v. Timperio*, 622 F.Supp. 606, 608 (S.D. Fla. 1985) (finding work records and reports prepared by DOL, with respect to the audit of a pension fund's records, were admissible at trial where they were deemed "public records" under FRE 803(8) and by virtue of 28 U.S.C. § 1732).

3

"trustworthy" at trial. Those factors, in part, guide my analysis, and I tentatively find that the DOL Report meets the test of "sufficient indicia of reliability." *See Romano*, 89 Fed. Appx. at 336.

In this case, numerous aspects of the report demonstrate the report's reliability and trustworthiness. First, the report was timely. The investigation occurred during the years 2008, 2009, and 2010, during which time Bartleson concedes that he embezzled funds from his employees. The report was completed and mailed to the USAO on February 22, 2011. Second, the DOL Report has an additional indicium of reliability in that it was prepared by LeeAnn King (King), a trained investigator of the Employee Benefits Security Administration (EBSA) of the DOL.[4] Third, King's summary of her various interviews and narrative report of events, which implicate Bartleson, are corroborated by the exhibits attached to her report. Such exhibits include, among other things, a description of the conceded to crime that Bartleson committed; the funds withheld in 2006, 2007, and 2008 from the Plan that personally enriched Bartleson; a summary of the intended thirteen employee and employer contributions to the Plan and lost earnings; and the applications for the Plan to American Funds made by Anthony and Stephen Bartleson. Fourth, the report appears to be a final, as opposed to a preliminary or merely internal, draft with conclusions and recommendations made by EBSA's Criminal Coordinator, Susan Bryars.[5] Together, I find the report to be "detailed and

---

[4] The EBSA, as noted in the DOL Report, "is an agency within the U.S. Department of Labor that conducts investigations involving employee benefit plans." DOL Report at 3. The report contains an identifiable DOL case number (*i.e.*, Case No. 60-104078). *Id.*

[5] *Cf. Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 778 (9th Cir. 2010) (finding DOL Report "not trustworthy" and inadmissible at trial under FRE 803(8)(C) because report was incomplete as its exhibits were not attached; author of report was unidentified and unknown; no hearing was held; document did not appear to be a final draft; and DOL did not send the report to either party before litigation commenced).

convincing" and of sufficient reliability to be used at sentencing. *See United States v. Schlosser*, 558 F.3d 736, 739 (8th Cir. 2009) (finding police incident report was "quite 'detailed and convincing'" and "[s]everal aspects of the incident report demonstrate[d] sufficient indicia of reliability," and concluding that "[the defendant] failed to meet his burden of showing that the district court's reliance on the incident report during sentencing [rose] to the level of plain error.").

Nothing in the record suggests that the DOL Report was not made in the regular course of King's Labor Department investigation, or that she was personally biased or untrustworthy in her investigative tactics. Rather, King is employed by the EBSA. As a trained EBSA investigator, King's job is to ensure the accuracy of her reporting based on the information discovered by her. Therefore, it is reasonable to assume that King has an interest in ensuring that her investigative report is truthful.

Unless I am convinced otherwise as to the trustworthiness or reliability of the DOL Report at Bartleson's sentencing based on additional evidence, I intend to hold that the DOL Report has "'sufficient indicia of reliability to support [its] probable accuracy.'" *See United States v. Ortiz*, 636 F.3d 389, 393 (8th Cir. 2011) (quoting *United States v. Bastian*, 603 F.3d 460, 466 (8th Cir. 2010) (internal quotation marks omitted)); *see also* U.S.S.G. § 6A1.3(a). As noted above, Bartleson will have the opportunity to "rebut or explain" any disputed factual assertions in the DOL Report at his sentencing hearing. *See United States v. Rodriguez-Ramos*, 663 F.3d at 356, 364 (8th Cir. 2011).

**IT IS SO ORDERED.**

**DATED** this 22nd of December, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA